UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOSE G.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 3:20-cv-02162-CL

**OPINION AND ORDER**

---

**CLARKE**, United States Magistrate Judge:

    Plaintiff Jose G. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and supplemental security income ("SSI") under Title XVI. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ.

---

[1] In the interest of privacy, the Court uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 – Opinion and Order

P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 7. For the reasons provided below, the Commissioner's decision is AFFIRMED.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in September 2017 with an alleged onset date of December 15, 2016. Tr. 239.[2] Plaintiff also filed an application for SSI in September 2017 with an alleged onset date of September 14, 2017. Tr. 246. Plaintiff's applications were denied initially in April 2018, and again upon reconsideration in September 2018. Tr. 133–48. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 151, and a hearing was held in February 2020, Tr. 15. At the hearing, Plaintiff amended his alleged onset date to May 8, 2008. Tr. 41. On March 24, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 30. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 27 years old on his amended alleged onset date. Tr. 29. He has an eighth-grade education and no past relevant work experience. Tr. 29, 283. Plaintiff alleges disability based on feet fractures, post-traumatic stress disorder ("PTSD"), depression, anxiety, mental health, and memory problems. Tr. 282.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R.

3 – Opinion and Order

       §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.     Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954–55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: ADHD, trauma disorder, depression, anxiety, right ankle fracture with posttraumatic arthritis, asthma, and obesity. Tr. 18. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the

severity of a listed impairment. Tr. 19. The ALJ found that Plaintiff had the RFC to perform sedentary work with the following limitations:

> [Plaintiff] can occasionally push and pull; can occasionally climb ramps and stairs; can never climb ladders ropes or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; should not have concentrated exposure to extreme temperatures, pulmonary irritants, or hazards; is limited to simple routine work, in a workplace with no more than occasional workplace changes; and can have occasional superficial contact with coworkers, and brief, superficial contact with the public.

Tr. 21. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 29. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments. *Id.* The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 30.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of

the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents a single issue for review: whether the ALJ erred at step five by relying on testimony from the vocational expert ("VE") to support finding that Plaintiff could perform work that exists in significant numbers in the national economy.[3] Plaintiff asserts remand is warranted because: (1) the "document preparer" occupation is incompatible with Plaintiff's RFC; (2) there exists a conflict between the VE's testimony about the "cutter" occupation and the Dictionary of Occupational Titles ("DOT") code given at the hearing; and (3) without the "document preparer" and "cutter" occupations, there is not a significant number of jobs available in the national economy for the "addresser" occupation alone. Pl.'s Br. 4, ECF No. 12. For the reasons that follow, the Court concludes that reversal is not warranted in this case.

At step five of the sequential disability analysis, the ALJ is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy" that could be done by an individual with the same RFC, age, education, and work experience as the claimant. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). The ALJ can satisfy this burden by taking the testimony of a VE. *Desrosiers v. Secretary of Health and Hum. Servs.*, 846 F.2d 573, 578 (9th Cir. 1988). The ALJ may pose detailed hypothetical questions to the VE to establish what jobs, if any, the claimant can do. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). The VE then translates the ALJ's scenarios into "realistic job market probabilities" by testifying about what kinds of jobs the claimant can still perform and whether there is a sufficient number of those jobs available in the economy. *Id.* (quoting *Tackett*, 180 F.3d at 1101). The Ninth Circuit has not created "a bright-line rule for what constitutes a 'significant number' of jobs" in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). However,

---

[3] Plaintiff assigns error only with respect to the SSI claim and stipulates as to the ALJ's findings at steps one through four. Pl.'s Br. 4, ECF No. 12.

the Ninth Circuit has yet to endorse a number below 25,000. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (determining that 25,000 jobs available nationwide was a "close call" but nevertheless constituted a significant number).

"[T]he Social Security Administration relies primarily on the *Dictionary of Occupational Titles* ['DOT'] for information about the requirements of work in the national economy," and a VE's testimony generally should be consistent with it. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). "[I]n the absence of any contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). When there is a conflict between the DOT and a VE's testimony, neither automatically prevails over the other. *Id.* The ALJ must determine whether a conflict exists and, if so, determine whether the expert's explanation for the conflict is reasonable and whether there is a basis for relying on the expert rather than the DOT. *Id.*

During Plaintiff's February 2020 hearing, the VE testified that Plaintiff would be able to perform the following occupations: (1) addresser, with approximately 11,084 available jobs; (2) cutter, with approximately 20,059 available jobs; and (3) document preparer, with approximately 46,664 available jobs. Tr. 65–66. The VE testified that the DOT code for the "cutter" position was 209.587-014. Tr. 65. The DOT code given at the hearing, 209.587-014, matches the occupation of "credit-card clerk," while the DOT code of 249.587-014 matches the "cutter" occupation. Pl.'s Br. 6, ECF No. 12; Def.'s Br. 7, ECF No. 13. In the ALJ's decision, the ALJ included the incorrect DOT code of 209.587-014 for the "cutter" position. Tr. 30.

"[A]n ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted). A

court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* "[U]nclear language or a typographical error . . . is harmful if it creates an actual ambiguity." *Lehigh v. Comm'r, Soc. Sec. Admin.*, No. 6:16-cv-0902-JR, 2017 WL 4324545, at *2 n.2 (D. Or. Sept. 5, 2017), *adopted*, 2017 WL 4322819 (D. Or. Sept. 25, 2017); *see also Lotze v. Comm'r of Soc. Sec.*, 213 Fed. App'x 591, 2006 WL 3786414, at *1 (9th Cir. Dec. 20, 2006) (finding "no reason to remand this case to correct such a typographical error" where an ALJ identified the wrong employment start date).

Here, the ALJ committed a harmless error in relying on the VE's testimony with the wrong DOT code for the "cutter" occupation. No substantive conflict exists between the VE's testimony and the description for the "cutter" occupation under the correct DOT code of 249.587-014. Looking at the record as a whole, the ALJ's error in including a DOT code with only a single digit that failed to match the correct DOT code for the "cutter" occupation did not alter the outcome of the case. *See Molina*, 674 F.3d at 1115. As such, the ALJ's typographical error did not create an actual ambiguity that warrants reversal.

The ALJ also committed a harmless error in finding that Plaintiff could perform the "document preparer" occupation.[4] Even without the "document preparer" occupation, Plaintiff would still be able to perform the "cutter" and "addresser" occupations with a combined total of 31,000 jobs available in the national economy. *See* Tr. 30. That number is sufficient to constitute work that exists in significant numbers in the national economy. *See Gutierrez*, 740 F.3d at 529 (holding that 25,000 available jobs constitutes a significant number). As such, reversal on this issue is not warranted.

---

[4] Defendant concedes that the ALJ erred in finding Plaintiff could perform the "document preparer" occupation. Def.'s Br. 5, ECF No. 13.

9 – Opinion and Order

## ORDER

For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED and DATED this 22 day of September, 2022.

MARK D. CLARKE
United States Magistrate Judge